# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RUSS MEHL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BP ENERGY COMPANY, et al., <br><br> Defendants. | Case No. 23-1192-DDC-ADM |
| PJ STONEBERGER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BP ENERGY COMPANY, et al., <br><br> Defendants. | Case No. 23-1195-DDC-ADM |
| DAVID J. REBEIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BP CANADA ENERGY MARKETING CORP., et al., <br><br> Defendants. | Case No. 23-1245-DDC-ADM |
| ELI DEUTSCHER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TENASKA MARKETING VENTURES, et al., <br><br> Defendants. | Case No. 23-1249-DDC-ADM |

1

| | |
|---|---|
| MARIA RICE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SOUTHWEST ENERGY, L.P., et al.,<br><br>    Defendants. | Case No. 24-1005-DDC-ADM |

## CONSOLIDATION ORDER

The above-captioned cases all arise from the sudden spike in Kansas natural gas prices that occurred in February 2021 during Winter Storm Uri. Plaintiffs in each case are individuals who bought natural gas at the higher prices. They bring claims, on behalf of themselves and others similarly situated, under the Kansas Consumer Protection Act ("KCPA") against natural gas suppliers and, in one case, a natural gas marketer (Concord Energy, LLC).

In each case, the court entered a Show Cause Order, setting out the legal standards for consolidation of cases and its initial conclusions on why consolidation of these cases appears appropriate based on common questions of facts and law. The court directed any party that wished to be heard on the issue of consolidation to state its position in a response to the order. All parties, other than Mercuria Energy America, Inc., submitted written responses. On April 30, 2024, the court held a joint status conference in the cases, at which consolidation was further discussed.

For the reasons stated in the court's Show Cause Order and on the record during the status conference, the court concludes that consolidation of the above-captioned cases for discovery and pretrial case-management purposes is warranted. In short, the court finds the cases all involve common questions of law and fact, such that consolidation will promote the interests of judicial efficiency. Consolidation will save both the parties and the court considerable time and effort, and

thereby further FED. R. CIV. P. 1's mandate to facilitate the just, speedy, and inexpensive determination of this action.[1]

**IT IS THEREFORE ORDERED:**

1. The above-captioned cases are consolidated for discovery, case-management, and other purposes that the court may subsequently specify under the caption *In re Winter Storm Uri Natural Gas Litigation,* which is assigned consolidated Case No. 24-1073-DDC-ADM.

2. All future filings, until further notice, must bear the consolidated caption and be made on the consolidated docket. When the filing applies to all of the five consolidated cases, the filer must so note in the caption by the words: **"This Document Relates to All Cases."** When the filing applies to fewer than all cases, the filer must so note in the caption by including the applicable civil case number(s) after the words: **"This Document Relates Only to Case No. . . . ."**

3. The Clerk of Court is directed to file this Consolidation Order in each of the above cases and as the first document in the consolidated action.

**IT IS SO ORDERED.**

Dated May 1, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge

---

[1] The court does not find it appropriate to also consolidate the case captioned *Kansas v. Macquarie Energy LLC*, 23-4116-DDC-ADM. Although that case also arises from the spike in natural gas prices during Winter Storm Uri, it raises claims under the Federal Commodities Exchange Act and the Kansas False Claims Act.